# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02:13-cr-247 |
| | ) | |
| LAHBIB HANNOUNE, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are a MOTION IN LIMINE (ECF No. 36) filed by Defendant Lahbib Hannoune and a MOTION IN LIME (ECF No. 37) filed by the government. The government has also filed a RESPONSE TO HANNOUNE'S MOTION IN LIMINE (ECF No. 39). The Court held an oral argument on Friday, October 10, 2014 at which the undersigned issued a partial ruling on the pending motions. This Memorandum Opinion memorializes that ruling and disposes of the remaining evidentiary issues.

### I. Background

On September 18, 2013, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count Indictment against Defendant Lahbib Hannoune which charged him with the crime of Unlawful Procurement of Citizenship or Naturalization on or about January 15, 2009 in violation of 18 U.S.C. §§ 1425(a), (b). The indictment charges that Defendant falsely answered "no" to an oral reading of two questions on a Form N400: "have you ever committed a crime or offense for which you have not been arrested" and "have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal." The indictment further alleges that Defendant's responses were false because "on October 30, 2008 and November 24,

2008, [he] had unlawfully engaged in [an] online video display of his genitals and performance of masturbation for a person who was represented to be a minor at age 13 in violation of Pennsylvania law." A non-jury trial is scheduled to commence on the sole count of the Indictment on Monday, October 20, 2014.

In anticipation of trial, both parties have filed motions in limine in which they seek a ruling on the admissibility of certain evidence pursuant to Federal Rule 404(b). Defendant moves the Court to exclude the videos, pictures or images related to his state criminal conviction and to only admit evidence to show that he was charged with the underlying crimes.[1] The government seeks to introduce Defendant's state-court information and guilty plea to show that he committed a crime or offense for which he was not arrested prior to the naturalization interview; and "other evidence showing what he did" to show that he procured naturalization contrary to law or to which he is not entitled. The government expands on this latter request in its response, noting that it seeks to introduce four or five chat sessions, two excerpted videos, and two screen captures.

Without objection, the government submitted its proffered evidence to the Court in advance of the October 10, 2014 hearing. More specifically, the government has provided a Yahoo registration and custodial affidavit (Ex. 1); (2) five Yahoo messenger chat transcripts between pacyberprincess and bacobaco_10 dated October 29, 2008 (Ex. 2), October 30, 2008 (Ex. 5), November 24, 2008 (Ex. 8), December 17, 2008 (Ex. 12), January 29, 2009 (Ex. 16); and two DVD-R discs containing videos/excerpts dated October 30, 2008 (Ex. 7), November 24,

---

1. Defendant was charged by Information in the Allegheny County Court of Common Pleas on September 8, 2009 with three counts of Unlawful Contact With Minor - Obscene and Other Sexual Materials and Performances; three counts of Criminal Attempt - Unlawful Contact With Minor - Obscene and Other Sexual Materials and Performances; and two counts of Criminal Use Of Communication Facility. Defendant pleaded guilty on March 18, 2010 to Count One (Unlawful Contact With Minor - Obscene and Other Sexual Materials and Performances); and Count Four (Criminal Use Of Communication Facility). At the October 10, 2014 oral argument, defense counsel advised the Court that he does not object to the introduction of Defendant's guilty plea / related conviction.

2

2008 (Exs. 10, 11), and January 29, 2009 (Ex. 18). *See* Gov. Resp. at 5 n.2, ECF No. 39.[2] The Court has reviewed all of the material in advance of this ruling. *See generally United States v. Cunningham*, 694 F.3d 372, 383-87 (3d Cir. 2012).

There is significant overlap between the two motions and the government's response. In essence, the issue before the Court is the admissibility of the Yahoo messenger chat transcripts, screen captures and videos.

## II. Legal Standard

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for another relevant purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the United States Court of Appeals for the Third Circuit has recently explained, however, "Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)). Thus, the "permitted uses" should be treated as "exceptions" to the general rule, and "[a]s is generally the case with exceptions," the burden of establishing that the evidence is admissible falls on the proponent of the evidence—in this case, the government. *Id.*

Further, because of the highly prejudicial nature of other-acts evidence, the rule "requires care from prosecutors and judges alike." *United States v. Davis,* 726 F.3d 434, 442 (3d Cir. 2013). The Court must follow the following four-part framework in deciding the whether

---

2. The government also notes that it plans to introduce a tape recording from December 17, 2008. The Court is not in receipt of that material.

evidence should be admitted under Rule 404(b): prior act evidence is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested. *Id.* at 441 (citations omitted).

The first step requires the Court to determine "whether the evidence is probative of a material issue other than character." *United States v. Boone,* 279 F.3d 163, 187 (3d Cir. 2003) (citations omitted). To determine whether an "identified purpose is 'at issue,' courts should consider the 'material issues and facts the government must prove to obtain a conviction.'" *Caldwell*, 760 F.3d at 276 (quoting *United States v. Sampson,* 980 F.2d 883, 888 (3d Cir. 1992)). While "the burden on the government is not onerous," *Sampson,* 980 F.2d at 887, our court of appeals has "stress[ed] that 'a proponent's incantation of the proper uses of [prior act] evidence . . . does not magically transform inadmissible evidence into admissible evidence," *Caldwell*, 760 F.3d at 276, (quoting *United States v. Morley,* 199 F.3d 129, 133 (3d Cir. 1999)). Rather, the specific purpose must be "'of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401(b)).

At the second step of the analysis, the government must "explain how the evidence is relevant" to, or how it tends to establish, the identified non-propensity purpose. *Id.* "This step is crucial." *Id.* The government "must clearly articulate how that evidence fits into a chain of logical inferences, *no link of which* can be the inference that because the defendant committed . . . [such an act] before, he therefore is more likely to have committed this one.'" *United States v. Lee,* 612 F.3d 170, 186 (3d Cir. 2006) (quoting *Sampson,* 980 F.2d at 887) (emphasis added). If

4

the government fails "to articulate this chain of inferences," the Court must exclude the proffered evidence. *Caldwell*, 760 F.3d at 277 (citing *Sampson,* 980 F.2d at 888).

The Court's task is not over even "once it finds the proponent has shown that the evidence is relevant for a proper, non-propensity purpose." *Id*. The Court must then proceed to decide, under Rule 403, "whether the evidence is sufficiently probative, such that its probative value is not outweighed by the inherently prejudicial nature of prior bad act evidence." *Id.* (citing *Sampson,* 980 F.2d at 889). *See also United States v. Claxton*, -- F.3d --, 12-3933, 2014 WL 4056561, at *16 (3d Cir. Aug. 18, 2014). The Rule 403 balancing takes on special significance when dealing with Rule 404(b) evidence because "'few categories of evidence bring greater risk of prejudice to the accused . . . .'" *Id.* (quoting Mueller, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)).

If the Court determines that the evidence survives the Rule 403 balancing test, then it must still provide a limiting instruction to the jury at the time the evidence is admitted if so requested by the defendant. *Id.* This last factor is, of course, not implicated in a non-jury trial setting.

**III. Discussion**

**A. Admissibility of Chat Transcripts, Screen Captures & Videos**

Section 1425 proscribes the unlawful procurement of citizenship or naturalization and provides two means by which an individual may commit this single offense.[3] *See United States*

---

3. The Court of Appeals for the Ninth Circuit has explained that, "in order to obtain a conviction under [§1425(a)], the government must prove" the following elements: "(1) that the false information provided by the defendant has a tendency to suggest that he was qualified for naturalization, (2) that the production of truthful information would have led to the discovery of facts relevant to the alien's petition for naturalization, and (3) that there must be evidence sufficient to 'give rise to a fair inference' that the applicant was statutorily ineligible for naturalization." *Alferahin*, 433 F.3d at 1154-55 (citing *United States v. Puerta*, 982 F.2d 1297 (9th Cir. 1992)). The United States Court of Appeals for the Fifth Circuit has similarly outlined the elements that the government must prove to sustain a conviction for a § 1425(b) offense: (1) the defendant issued, procured, obtained, applied for, or otherwise attempted to procure naturalization or citizenship; (2) the defendant is not entitled naturalization or citizenship; and

5

*v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005) (citing 18 U.S.C.A. § 1425); *see generally United States v. Chahla*, 752 F.3d 939, 946 (11th Cir. 2014) ("There are very few cases analyzing § 1425."). "Under the statute, one can procure naturalization 'contrary to law' (§ 1425(a)) or naturalization to which one is not entitled (§ 1425(b))." The statute does not define the phrase "contrary to law," but "it has been interpreted to mean a violation of the laws governing naturalization." *United States v. Djanson*, 13-4854, 2014 WL 3378125, at *1 (4th Cir. July 11, 2014) (citing *Fedorenko v. United States*, 449 U.S. 490, 506 (1981); *United States v. Puerta*, 982 F.2d 1297, 1300-01 (9th Cir. 1992)).

"One of the ways a person can procure citizenship illegally . . . is to make false statements in a naturalization application." *United States v. Latchin*, 554 F.3d 709, 712 (7th Cir. 2009) (citing 18 U.S.C. § 1001(a)). *See also United States v. Mensah*, 737 F.3d 789, 803-09 (1st Cir. 2013). Several courts have held that "that a false statement has to be 'material' to sustain a conviction—a trivial falsehood will not do." *Id.* (citing *United States v. Alferahin*, 433 F.3d 1148, 1155 (9th Cir. 2006)).

Citizenship is also unlawfully procured if some statutory requirement that is a condition precedent to naturalization is not met during the process. *See United States v. Gkanios*, 536 F. App'x 854, 857 (11th Cir. 2013) (citing *United States v. Koziy*, 728 F.2d 1314, 1318 (11th Cir. 1984)). The relevant criteria under the naturalization law is whether the defendant "has been and still is a person of good moral character" during the statutorily prescribed period. *See* 8 C.F.R. § 316.10; *Puerta*, 982 F.2d at 1301 (citing 8 U.S.C. § 1427(a)); *see also United States v. Gayle*, 996 F. Supp. 2d 42, 49 (D. Conn. 2014). Federal regulations "offer[ ] guidance to officials making moral character determinations, stating as a general matter that 'the Service shall

---

(3) the defendant knows that he or she is not entitled to naturalization or citizenship." *United States v. Moses*, 94 F.3d 182, 184 (5th Cir. 1996).

6

evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence.'" *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007) (quoting 8 C.F.R. § 316.10(a)(2)). The regulations state, in pertinent part, that "[a]n applicant shall be found to lack good moral character if during the statutory period the applicant: . . . [h]as given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit . . . . " 8 C.F.R. § 316.10(b)(2)(vi). The regulations further provide that "unless the applicant establishes extenuating circumstances . . . the applicant shall be found to lack good moral character if, during the statutory period, the applicant . . . [c]ommitted unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such act." 8 C.F.R. § 316.10(b)(3)(iii).

Relying on the regulations, the government contends that this latter subsection contains two components: (1) the applicant must have committed unlawful acts during the statutory period; and (2) the nature of those acts must adversely reflect upon the applicant's moral character before he became a citizen. The government also suggests that the regulation is only concerned with pre-citizenship activity and that the details of Defendant's criminal acts are highly probative of whether he possessed "good moral character" during that time. Additionally, the government maintains that the state court records are insufficient on their own because the documents do not provide any specificity or detailed descriptions regarding the events underlying those charges.

The government likewise argues that Defendant's state court records coupled with the underlying evidence is "relevant probative evidence showing the falsity of his answer." Gov't.'s

Mot. at 3, ECF No. 37. In order to show that Defendant knowingly committed unlawful acts that constitute a crime, the government offers the following position:

> To do this, the government will prove Hannoune's conduct shows that he acted as if he was committing a crime at the time. Also, the government will have to show that Hannoune's conduct proves that he was aware that the person he was corresponding with asserted that they were 13 years old. The chat evidence (only 4 short chat sessions), the screen capture photographs (2 sets), and videos (2 recordings Hannoune's actions) are necessary proof to show the falsity of Hannoune's answer and demonstrate that his behavior was a crime, show his knowledge thereof, and debunk any argument that he did not know that the person he corresponded with asserted that they were 13 years old.
>
> His furtive conduct in the content of the chats proves that he knew he committed a crime at the time he was doing it. In the chats, Hannoune also stated that he could not have sex with someone under the age of 18. This clearly shows that he believed that he was dealing with an underage person. The jury's examination of sexual content of the chats, the exposure of his private parts, and his masturbation to someone saying that they were 13 years old may be sufficient on its own for them to conclude from the nature of the conduct that Hannoune knew that he was doing something illegal. Hannoune's interview statements with police some six months later will corroborate that he knew it was illegal to expose himself to a 13 year old.

Gov't.'s Mot. at 5-6, ECF No. 37. Much like its earlier position, the government once again maintains that Defendant's admission of guilt on March 18, 2010 in state court only confirms that the circumstances in the Yahoo messenger chat transcripts, screen captures, and videos were indeed crimes and offenses and that he so understood.

As an initial matter, the Court finds that the evidence which the government seeks to introduce at trial is probative of a material issue other than character in that Defendant's knowledge is at issue. The government has repeatedly identified this proper non-propensity purpose in both its filings and during oral argument. *See, e.g.*, Gov't.'s Mot. at 5-6, ECF No. 37 (arguing that the "chat evidence, screen capture photos, and videos" are probative of "his knowledge that he committed a crime" and "his knowledge that he made a false statement").

The Court also finds that the government has established that the Yahoo messenger chat transcripts, screen captures, and videos are relevant. The evidence is relevant to show that Defendant engaged in unlawful online activity with a purported minor before he obtained citizenship and that he knew his conduct constituted a crime. Moreover, the evidence is also relevant as to whether Defendant knowingly made false statement in the naturalization (interview) process and whether he possessed "good moral character" during the statutorily prescribed period. The answers to those questions are critical to this case.

The proffered evidence also survives a Rule 403 balancing test. As our court of appeals has recently explained:

> Rule 403 creates a presumption of admissibility. *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002). When weighing the Rule 403 factors, courts "must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." *Gov't of Virgin Islands v. Archibald*, 987 F.2d 180, 186 (3d Cir. 1993) (internal quotation marks omitted). Evidence should not be excluded under Rule 403 "merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value . . . . [W]hen evidence is highly probative, even a large risk of unfair prejudice may be tolerable." *Cross*, 308 F.3d at 323 (quoting Fed. R. Evid. 403).

*United States v. Claxton*, -- F.3d --, 12-3933, 2014 WL 4056561, at *16 (3d Cir. Aug. 18, 2014). In conducting this analysis, the Court must articulate on the record a meaningful and rational evaluation of the competing considerations that extends beyond a bare recitation of Rule 403. *Caldwell*, 760 F.3d at 284. *See also United States v. Finley*, 726 F.3d 483, 490-94 (3d Cir. 2013).

However, in the context of reviewing a Rule 404(b) ruling, the United States Court of Appeals for the Fourth Circuit has "acknowledged that in the context of a bench trial, there is less concern that the finder of fact will utilize evidence for an improper purpose." *United States v. Sebolt*, 554 F. App'x 200, 206 (4th Cir. 2014) (citing *United States v. Hassanzadeh*, 271 F.3d

9

574, 578 (4th Cir. 2001)). The United States Court of Appeals for the Fifth Circuit similarly observed that Rule 403's weighing of probative value against prejudice "has no logical application to bench trials." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981). As the *Gulf States* Court reasoned:

> Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of "unfair prejudice" is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

*Id.* Several other courts have followed this approach. *See United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009); *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009); *United States v. Musleh*, 106 F. App'x 850, 856 (4th Cir. 2004); *United States v. Hall*, 202 F.3d 270 (6th Cir. 2000). The Court finds these decisions to be persuasive.

Nevertheless, the Court finds that the Rule 403 balancing test weighs in favor of admission of said evidence. As the Court previously discussed, this evidence is probative of whether Defendant knowingly engaged in unlawful online activity with a purported minor before he obtained citizenship; whether he knowingly made a false statement in the naturalization (interview) process when asked "have you ever committed a crime or offense for which you were not arrested," whether he possessed "good moral character" during the statutorily prescribed period and whether he procured naturalization contrary to law and/or naturalization to which he was not entitled. On the other hand, the evidence has revealed that Defendant engaged in multiple Yahoo messenger chat sessions over the course of two and half months with a purported thirteen-year-old during which he, *inter alia*, made sexually explicit statements to the minor, sent the minor the internet address of a pornographic website, attempted to arrange a

10

meeting with the minor, discussed having sexual intercourse with the minor, and transmitted masturbatory sexual videos to the minor. This evidence is embarrassing and disturbing. But the Court cannot conclude that the probative value of the Yahoo messenger chat transcripts, screen captures, and videos are substantially outweighed by the danger of unfair prejudice. *C.f. Cunningham*, 694 F.3d at 390 (holding that the "aggregate risk of unfair prejudice was tremendous" in admitting "violent and sadistic" depictions that "likely created 'disgust and antagonism' toward [the defendant]"). "As Rule 403 clarifies, a party is not protected from all prejudice—only unfair prejudice." *Id.*

The Court also finds that the other Rule 403 considerations do not weigh in favor of exclusion. At the October 10, 2014 oral argument, defense counsel argued that allowing the government to introduce the Yahoo messenger chat transcripts *and* videos would be a needless presentation of cumulative evidence. The Court cannot agree. "'Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates.'" *Cross*, 308 F.3d at 326 (quoting *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996)). As hereinabove discussed, the proffered evidence is highly probative to show the knowledge (or lack thereof) of Defendant. The videos also allow the factfinder to contemporaneously view both the chat screen and the camera feed, providing an accurate and complete depiction of what occurred. By contrast, the presentation of these relatively short videos which altogether last just minutes will not delay the trial in any significant way. Accordingly, the Court will permit the government to introduce testimony and evidence at trial regarding the Yahoo messenger chat transcripts, screen captures, and videos.

11

### B. Federal Rule of Criminal Procedure 23

Federal Rule of Criminal Procedure 23 provides, in relevant part, as follows: "[i]n a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." Fed. R. Crim. P. 23(c).

At the October 10, 2014 oral argument, the parties inquired as to whether the Court intended to issues Findings of Fact and Conclusions of Law. In accordance with Rule 23, the undersigned deferred to the parties who were to meet and confer regarding this issue and notify the Court. The Court has not yet heard from the parties. Accordingly, the parties shall jointly notify the Court on or before Friday, October 17, 2014 as to whether they will request specific findings of fact before a finding of guilty or not guilty.

### IV. Conclusion

For the reasons hereinabove stated, the Court will deny Defendant's motion in limine and grant the government's motion in limine. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 02:13-cr-247 |
| | ) |
| LAHBIB HANNOUNE, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 14th day of October, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION IN LIMINE (ECF No. 36) filed by Defendant Lahbib Hannoune is **DENIED;** and the MOTION IN LIME (ECF No. 37) filed by the government is **GRANTED**. The government shall be permitted to introduce testimony and evidence at trial regarding the Yahoo messenger chat transcripts, screen captures, and videos as detailed in the Memorandum Opinion.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Ronald W. Hayward
Email: rhayward@davidshrager.com
Paul E. Hull
Email: paul.hull@usdoj.gov

(via CM/ECF)